IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES F. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-841-GMS |
| | ) | |
| CORRECT CARE SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff, James F. Taylor ("Taylor"), an inmate at the James T. Vaughn Correctional

Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.)

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (D.I. 5.) The court reviewed and screened the original complaint and allowed

Taylor to proceed with his claims. (*See* D.I. 17.) However, rather than proceed with service,

Taylor opted to file an amended complaint adding new defendants. Taylor recently filed a

motion to review due to imminent danger. (D.I. 21.) The court now proceeds to screen the

amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Taylor sues Delaware Department of Correction ("DOC") Commissioner Carl Danberg

("Danberg"), Warden Perry Phelps ("Phelps"), and Deputy Warden James Scarborough

("Scarborough") in their individual capacities. He renames Dale Rodgers ("Rodgers") and

Correct Care Solutions, LLC ("CCS") as defendants. In addition, he names the DOC as a

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

defendant. Taylor seeks prospective injunctive relief against the DOC, Danberg, Rodgers, and CCS for ongoing violations of federal and constitutional and statutory law, particularly the Eighth Amendment. Taylor alleges that by reason of grievances he submitted, the defendants are fully aware of his need for a knee replacement that was ordered over five years ago. In addition, Taylor alleges that he has been forced to wait outside in extreme weather in order to be fed. He also complains that, he either goes without long underwear or, his clothing is inadequate for inclement weather conditions. Finally, Taylor alleges that the State, DOC, and CCS entered into a concerted effort to deny needed medical surgery.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Taylor proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

2

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Taylor leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Taylor has a "plausible

claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Taylor's

entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556

U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Eleventh Amendment Immunity

The amended complaint names the DOC as a defendant. "Absent a state's consent, the

Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant."

*Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781

(1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh

Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D. Del. 1991). Hence,

as an agency of the State of Delaware, the DOC is immune under the Eleventh Amendment.

Taylor's claim against the DOC has no arguable basis in law or in fact inasmuch as it is

immune from suit. It is frivolous and will be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B)

and § 1915A(b).

---

[2]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

## B. Personal Involvement/Respondeat Superior

It is evident in reading the amended complaint that Taylor names Danberg, Phelps, Scarborough, and Rodgers[3] as defendants based upon their supervisory positions. Other than describing their positions, the amended complaint contains no allegations of alleged wrongdoing by these defendants other than to allege that they were aware of his medical condition (i.e., in need of a knee replacement) by reason of grievances he submitted.

As is well known, a defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). In addition, with regard to any supervisory defendants, the Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of*

---

[3]Taylor has been allowed to proceed Dr. Rodgers on the claims in the original complaint. (*See* D.I. 17.)

*Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49*)*;

*Rode v. Dellarciprete*, 845 F.2d at 1207).

The lack or paucity of allegations in the amended complaint directed towards Danberg,

Phelps, Scarborough, and Rodgers fail to meet the pleading requirements of *Iqbal* and *Twombly*.

In addition, the U.S. Court of Appeals for the Third Circuit has concluded that prison

administrators cannot be deliberately indifferent "simply because they failed to respond directly

to the medical complaints of a prisoner who was already being treated by the prison doctor."

*Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit clarified that "[i]f a

prisoner is under the care of medical experts . . . a non-medical prison official will generally be

justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236

(3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual

knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a

non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter

requirement of deliberate indifference." *Id.* at 236.

For the above reasons, the court will dismiss the claims against Danberg, Phelps,

Scarborough, and Rodgers pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## C. Conspiracy

While not clear, it appears that Taylor attempts to raise a conspiracy claim. He alleges

that the State (not a named defendant), the DOC, and CCS entered into a concerted effort to deny

needed medical surgery as a result of cost and time remaining on his sentence.

To state a conspiracy claim under § 1983, Taylor must show that "persons acting under

color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of*

*Educ. V. N .E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be

evidence of actions taken in concert by defendants with the specific intent to violate that right.

*Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000)

(citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). A § 1983 conspiracy claim only

arises, however, when there has been an actual deprivation of a right. *Andree v. Ashland Cnty.*,

818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449

(10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983

conspiracy liability). *Accord Perano v. Township of Tilden*, 2011 WL 1388381 (3d Cir. Apr. 13,

2011).

Taylor's conclusory allegations of a conspiracy fail to meet the pleadings requirements of

*Iqbal* and *Twombly*. In addition, the State of Delaware, the DOC and CCS are not persons as is

required for a § 1983 conspiracy claim. Taylor has failed to state a § 1983 conspiracy claim and,

therefore, the conspiracy claim will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and

§ 1915A(b)(1).

**D. Conditions of Confinement**

Taylor also appears to raise a conditions of confinement claim. He complains that he was

forced to wait outside for 45 minutes in extreme weather condition in order to be fed and that he

has gone without long underwear or had inadequate clothing for inclement weather conditions.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as

to be deemed inhumane under contemporary standards or such that it deprives an inmate of

minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8

(1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought

against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

The conditions complained of, while uncomfortable, do not constitute a denial of "the minimal civilized measures of life's necessities." *See, e.g., Williams v. Delo*, 49 F.3d 442, 444–47 (8th Cir. 1995) (holding no Eighth Amendment violation where prisoner was placed in a strip cell without clothes, the water in the cell was turned off and the mattress removed, and prisoner's bedding, clothing, legal mail, and hygienic supplies were withheld). In addition, Taylor has named no specific individual, nor has he alleged that prison officials knew of, and disregarded, an excessive risk to his health or safety. *See Beers-Capitol*, 256 F.3d at 125.

For the above reasons, the court will dismiss as frivolous the conditions of confinement claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**E. Motion for Physical Examination**

Taylor recently filed a motion to review due to imminent danger wherein he seeks a physical examination by a physician determined by the court pursuant to Fed. R. Civ. P. 35. (D.I. 21.) Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party. Additionally, Taylor does not indicate who will bear the cost for the proposed examinations. Regardless, no civil

litigant, even an indigent one, has a legal right to such aid. *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003), *cert. denied*, 540 U.S. 1132 (2004) (not published).

For the above reasons, the court will deny the motion.

## IV. CONCLUSION

For the above reasons, the court will dismiss the amended complaint (D.I. 18) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The case will proceed on the original complaint (D.I. 3). In addition, the court will deny the motion to review due to imminent danger for a physical examination pursuant to Fed. R. Civ. P. 35. (D.I. 21.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware